UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JOHAN S. UMANA GARCIA,
Individually and on behalf of
all others similarly situated,

                              Plaintiffs,

           -against-

JOHNNIE'S CAR WASH ON OAK INC.,
d/b/a JOHNNIE'S CAR WASH ON OAK, *et al.*

                           Defendants.
-------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

22-CV-02403 (LDH) (JMW)

**A P P E A R A N C E S:**

Lina Stillman
**Stillman Legal, P.C.**
42 Broadway
Ste 12th Floor
New York, NY 10004
*Attorney for Plaintiff*

Elizabeth Erin Schlissel
Andrew W. Singer
**Tannebaum Helpern Syracuse
& Hirschritt, LLP**
900 Third Avenue
New York, NY 10022
*Attorneys for Defendants*

**WICKS,** Magistrate Judge:

Plaintiff Umana Garcia brought this class action against Defendants Johnnie's Car Wash on Oak Inc. and Johnnie "DOE" pursuant to the Fair Labor Standards Act, *see* 29 U.S.C. §§ 201 *et seq.* ("FLSA") and the New York Labor Law ("NYLL"), for alleged wage and hour violations. (DE 1.) On September 21, 2022, the parties jointly submitted their supplemental materials in support of the motion for approval of the proposed settlement. (DE 14.) That motion was before the undersigned on referral from the Hon. LaShann DeArcy Hall for a Report and Recommendation. (*See* Electronic Order dated July 15, 2022.) The undersigned issued a Report and Recommendation ("R&R") finding that the parties' settlement agreement contained an overly broad release provision but that the proposed settlement was otherwise fair and reasonable. (DE 15.) The undersigned made the following recommendations in the alternative:

> Based on the foregoing, the undersigned recommends that the parties' joint motion for approval of the Agreement be approved, and the problematic general release provision be construed in accordance with this Report and Recommendation. Alternatively, as written, the undersigned respectfully recommends denial of the settlement agreement without prejudice to parties' ability to renew their joint motion for approval if it is revised accordingly.

(DE 15.)

On January 4, 2023, Judge DeArcy Hall adopted one of those recommendations – finding that the settlement agreement contained an overly broad release. (*See* Electronic Order dated Jan. 4, 2023.) Judge DeArcy Hall rejected the settlement agreement on that basis and directed the parties to submit a revised settlement agreement "consiste[nt] with Judge Wicks['] report and recommendation . . . ." (*Id.*) The parties submitted another request for settlement approval with a revised settlement agreement on January 18, 2023. (DE 16.) That motion was subsequently referred to the undersigned. (Electronic Order dated Jan. 19, 2023.)

2

The Court assumes the parties' familiarity with the factual and procedural history of this case, and relevant legal standards laid out in the R&R, which are incorporated by reference. (*See* DE 15.) The limited issue before the Court is whether, consistent with the R&R, the parties properly revised the release provisions of their proposed settlement agreement. They did not.

For the reasons stated herein, the undersigned respectfully recommends denial of the settlement agreement without prejudice to parties' ability to renew their joint motion for approval if it is revised accordingly.

## DISCUSSION

The parties filed and executed their original proposed settlement agreement on July 14, 2022. (DE 13-1.) The release provision stated:

> In consideration of and as a material inducement for the Settlement Payment, Plaintiff, to the fullest extent permitted by law, forever waives, releases and discharges, and covenants not to sue, the Defendants and their predecessors, successors, assigns, parents, subsidiaries, heirs, representatives and other affiliates, and each and every of their respective past, present, and future, employees, contractors, consultants, associates, managers, officers, business partners, owners, members, shareholders, vendors, divisions, parents, subsidiaries, predecessors, successors, assigns, investors, representatives, plans, insurers, fiduciaries, attorneys, estates, trustees, family members, heirs, representatives, and agents (collectively, the "Releasees"), from any and all claims, demands, causes of action, fees, damages, liabilities, expenses (inclusive of attorneys' fees), obligations, debts, judgments, promises or agreements of any nature, known or unknown to Plaintiff, that Plaintiff may have, ever has had or hereafter may have, from the beginning of the world to the date Plaintiff executes this Agreement, arising out of or relating to any claim or allegation that was or could have been asserted in the Lawsuit, including, without limitation, any claim under the FLSA or the NYLL or for compensation. This Agreement covers claims of which Plaintiff currently may or may not have knowledge, but does not apply to the Defendants' obligations pursuant to this Agreement. This waiver, release and promise not to sue is binding on Plaintiff and Plaintiffs heirs, legal representatives, insurers, agents, and assigns.

(DE-13-1 at 3.) The parties then submitted a revised settlement agreement to the Court on January 18, 2023, which includes the following release provision:

3

> In consideration of and as a material inducement for the Settlement Payment, Plaintiff, to the fullest extent permitted by law, forever waives, releases and discharges, and covenants not to sue, the Defendants and their predecessors, successors, assigns, parents, subsidiaries, heirs, representatives and other affiliates, and each and every of their respective past, present, and future, employees, contractors, consultants, associates, managers, officers, business partners, owners, members, shareholders, vendors, divisions, parents, subsidiaries, predecessors, successors, assigns, investors, representatives, plans, insurers, fiduciaries, attorneys, estates, trustees, family members, heirs, representatives, and agents (collectively, the "Releasees"), from any and all claims, demands, causes of action, fees, damages, liabilities, expenses (inclusive of attorneys' fees), obligations, debts, judgments, promises or agreements that Plaintiff asserted in the Lawsuit, including, without limitation, his claims under the FLSA, the NYLL, and for compensation. This waiver, release and promise not to sue is binding on Plaintiff and Plaintiff's heirs, legal representatives, insurers, agents, and assigns.

(DE 16 at 3.)

The Court previously stated in the R&R that the extent and breadth of the original provision was contrary to public policy and violated *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). Therefore, the release provision rendered the terms of the settlement agreement as unfair and unreasonable. (DE 15 at 14.) Specifically, the Court identified two problematic aspects of the release provision as written.

*First*, the release language of the agreement went far beyond terminating the claims in the instant litigation; it was a general release. Pursuant to the original provision, the Plaintiff unilaterally agreed to release all claims that Plaintiff could potentially bring against Defendants, known or unknown, and from the "beginning of the world." *See Sapon v. Uncle Paul's Pizza & Cafe Inc.*, No. 18-CV-4026 (VSB), 2020 WL 9048725, at *2 (S.D.N.Y. May 6, 2020) (rejecting a provision with similar breadth); *Camacho v. Ess-A-Bagel, Inc.*, No. 14-CV-2592 LAK, 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014) (same). As revised, the release provision cures this ill.

Plaintiff is no longer agreeing to release, for example, claims "of any nature, known or unknown to Plaintiff, that Plaintiff may have, ever has had or hereafter may have, from the beginning of the world to the date [.]" (*See* DE-13-1 at 3.) The provision now limits the release to, *inter alia*, any and all claims that "Plaintiff asserted in the Lawsuit, including, without limitation, his claims under the FLSA, the NYLL, and for compensation" (DE 16 at 3), which is consistent with what is acceptable within this Circuit. *See Sapon*, 2020 WL 9048725, at *2 ("[A] number of judges in this District refuse to approve any FLSA settlement unless the release provisions are 'limited to the claims at issue in this action.'" (quoting *Cionca v. Interactive Realty*, LLC, No. 15-CV-5123 (BCM), 2016 WL 3440554, at *3 (S.D.N.Y. June 10, 2016)). Since this lawsuit only raises wage and hour issues, this provision has been appropriately revised. *See Martinez v. Gulluoglu LLC*, No. 15-CIV-2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) ("The Court will not approve a release provision that extends beyond the claims at issue in this action."); *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259 (RA), 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015) ("If the parties wish to obtain approval of their settlement, any release provision must be limited to the claims at issue in this action."). But that is not the end of the inquiry.

*Second*, the Court previously identified other language within the release provision that amounted to a handlist of a broad range of individuals, which has been held to be overbroad. *See Garcia v. Good for Life by 81, Inc.*, No. 17-CV-07228 (BCM), 2018 WL 3559171, at *4 (S.D.N.Y. July 12, 2018) ("To pass muster under *Cheeks*, ¶1(b) must be limited to include only the named defendants, the corporate defendants' predecessors and successors, and any other person or entity that plaintiffs claim, or may claim, to have been their employer for purposes of their work for [the company]"). However, the provision even as revised still suffers from this

5

fatal deficiency. It appears the parties did not make any revisions to this portion of the provision. Both as originally written, and as revised, the provision states, in relevant part as to the scope of those released:

> In consideration of and as a material inducement for the Settlement Payment, Plaintiff, to the fullest extent permitted by law, forever waives, releases and discharges, and covenants not to sue, the Defendants and their predecessors, successors, assigns, parents, subsidiaries, heirs, representatives and other affiliates, and each and every of their respective past, present, and future, employees, contractors, consultants, associates, managers, officers, business partners, owners, members, shareholders, vendors, divisions, parents, subsidiaries, predecessors, successors, assigns, investors, representatives, plans, insurers, fiduciaries, attorneys, estates, trustees, family members, heirs, representatives, and agents (collectively, the "Releasees") . . . .

(*Compare* DE 16 at 3 *with* DE 13 at 3.)

In *Souffrant v. 14-15 Mertens Place Corp.,* No. 19-CV-5482 (BCM), 2020 WL 1166231, at *2 (S.D.N.Y. Mar. 11, 2020), the Court did not approve a similar release provision as proposed. There, the agreement stated that the "plaintiff [released] Defendants' "current and former employees, members, shareholders, board members, mortgagors, insurers, and counsel," and Defendants [released] plaintiff's "predecessors, successors, heirs, officers, agents, employees, directors, shareholders, assigns, administrators, affiliates, servants, legal representatives and attorneys." *Id.* The Court stated that the provisions were "confusing" since they seem to apply to "persons and entities that could not exist. They [were] overbroad, in that they appear to extend to numerous persons and entities only tenuously connected to this action, and purport to release them not only from claims arising out of that connection but also from wholly unrelated claims." *Id.* The court rejected this version of the provision, and instead construed the provision to extend "to those acting on behalf of or in privity with the parties, and as to such persons or entities would be limited to claims arising from actions taken '*in their capacities as such.*'" *Id*. (emphasis in original) (citation omitted).

6

In *Lara v. Air Sea Land Shipping & Moving Inc.,* No. 19-CV-8486 (PGG) (BCM), 2019 WL 6117588, at *2 (S.D.N.Y. Nov. 18, 2019), the Court found the agreement to be fair with the exception of certain clauses including the release provision.  There, the Court found the broad definition of the release to be problematic even though the claims were limited only those alleged in the complaint.  *See id*.  The court reasoned that taking the broad definition of releases together with the claims released, when "read literally – would have the undoubtedly unintended effect of releasing any wage and hour claims that plaintiff had against a wide range of unidentified individuals and business only tenuously affiliated with [defendant]," regardless of whether those claims were related to the factual predicate of the suit.  *See id.*  The Court then construed the provision to effectively **"**release [defendant's] parent company, affiliates, subsidiaries, divisions, related entities, predecessors, successors, and assigns and their current and former owners, principals, members, shareholders, partners, officers, directors, trustees, managers, employees, attorneys, insurers, and agents' *in their capacities as such*." *Id.* at *3 (emphasis in original) (citing *Garcia*, 2018 WL 3559171, at *3).

In  *Ramirez v. Amina 50, Inc.,* No. 15-CV-09448 (LAK) (VF), 2022 WL 16951488, at *1 (S.D.N.Y. Nov. 15, 2022), the problematic release section of the agreement stated, "and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives, and managers."  The Court held that "the release clause is overbroad as it improperly releases from liability numerous entities beyond Defendants," and rejected the agreement without prejudice to its refiling if revised accordingly.  *Id.*

As previously noted in the R&R, the laundry list of releasees in the release provision of the settlement agreement, renders the provision too broad.  That deficiency has not been

7

corrected. Accordingly, it is respectfully recommended that the motion to approve the revised agreement again be denied and the the parties should properly revise this provision in accordance with existing caselaw.

## CONCLUSION

For the foregoing reasons, the undersigned recommends that the parties' joint motion for approval of the settlement agreement be denied without prejudice to parties' ability to renew their joint motion for approval if it is revised accordingly.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this Report and Recommendation either by the District Court or the Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("failure to object timely to a magistrate's report operates as a waiver of any

further judicial review of the magistrate's decision"); *see Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (same).

Dated: Central Islip, New York
February 17, 2023

**Respectfully recommended,**

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge

9