UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOHAN S. UMANA GARCIA,
Individually and on behalf of
all others similarly situated,

                        Plaintiff,

        -against-

JOHNNIE'S CAR WASH ON OAK INC.,
d/b/a JOHNNIE'S CAR WASH ON OAK, *et al*.

                     Defendants.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

22-CV-02403 (LDH) (JMW)

**A P P E A R A N C E S:**

Lina Stillman, Esq.
**Stillman Legal, P.C.**
42 Broadway
Ste 12th Floor
New York, NY 10004
*Attorney for Plaintiff*

Elizabeth Erin Schlissel, Esq.
Andrew W. Singer, Esq.
**Tannebaum Helpern Syracuse
& Hirschritt, LLP**
900 Third Avenue
New York, NY 10022
*Attorneys for Defendants*

**WICKS,** Magistrate Judge:

      Plaintiff Umana Garcia brought this class action against Defendants Johnnie's Car Wash on Oak Inc. and Johnnie "DOE" pursuant to the Fair Labor Standards Act, *see* 29 U.S.C. §§ 201 *et seq*. ("FLSA") and the New York Labor Law ("NYLL"), for alleged wage and hour violations. (ECF No. 1.) On September 21, 2022, the parties jointly submitted supplemental materials in

support of their motion for approval of the proposed settlement. (ECF No. 14.) That motion was before the undersigned on referral from the Hon. LaShann DeArcy Hall for a Report and Recommendation. (*See* Electronic Order dated July 15, 2022.) The undersigned issued a Report and Recommendation ("First R&R") finding that the parties' settlement agreement contained an overly broad release provision but that the proposed settlement was otherwise fair and reasonable. (ECF No. 15.) The undersigned made the following recommendations in the alternative:

> Based on the foregoing, the undersigned recommends that the parties' joint motion for approval of the Agreement be approved, and the problematic general release provision be construed in accordance with this Report and Recommendation. Alternatively, as written, the undersigned respectfully recommends denial of the settlement agreement without prejudice to parties' ability to renew their joint motion for approval if it is revised accordingly.

(ECF No. 15.)

On January 4, 2023, Judge DeArcy Hall adopted one of those recommendations – finding that the settlement agreement contained an overly broad release. (*See* Electronic Order dated Jan. 4, 2023.) Judge DeArcy Hall rejected the settlement agreement on that basis and directed the parties to submit a revised settlement agreement "consiste[nt] with Judge Wicks['] report and recommendation . . . ." (*Id*.) The parties submitted another request for settlement approval with a revised settlement agreement on January 18, 2023. (ECF No. 16.) That motion was subsequently referred to the undersigned. (Electronic Order dated Jan. 19, 2023.) On February 17, 2023, the undersigned issued a report and recommendation ("Second R&R") recommending that the motion be denied for failure to correct one of the two deficiencies identified in the First R&R. (ECF No.17.) Judge DeArcy Hall adopted the Second R&R in its entirety as the opinion of the Court and rejected the revised settlement agreement. (Electronic

2

Order dated August 31, 2023.)  However, the motion for settlement approval was denied with leave to renew.  (*Id*.)

On April 19, 2023, the parties filed the latest iteration of their settlement agreement. (ECF No. 18).  Judge DeArcy Hall construed the proposed settlement as a motion for settlement approval and referred the motion to the undersigned.  (Electronic Order dated August 31, 2023.)

The  Court assumes the parties' familiarity with the factual and procedural history of this case, and relevant legal standards laid out in the First R&R and Second R&R, which are incorporated by reference.  (*See* ECF Nos. 15, 18.)  The limited issue before the Court is whether, consistent with the Second R&R, the parties properly revised the release provision of their proposed settlement agreement.  They have and, accordingly, the undersigned respectfully recommends approval of the parties' motion for settlement approval.  (ECF No. 18.)

## DISCUSSION

The parties submitted a revised settlement agreement to the Court on January 18, 2023, which included the following release provision:

> In consideration of and as a material inducement for the Settlement Payment, Plaintiff, to the fullest extent permitted by law, forever waives, releases and discharges, and covenants not to sue, the Defendants and their predecessors, successors, assigns, parents, subsidiaries, heirs, representatives and other affiliates, and each and every of their respective past, present, and future, employees, contractors, consultants, associates, managers, officers, business partners, owners, members, shareholders, vendors, divisions, parents, subsidiaries, predecessors, successors, assigns, investors, representatives, plans, insurers, fiduciaries, attorneys, estates, trustees, family members, heirs, representatives, and agents (collectively, the "Releasees"), from any and all claims, demands, causes of action, fees, damages, liabilities, expenses (inclusive of attorneys' fees), obligations, debts, judgments, promises or agreements that Plaintiff asserted in the Lawsuit, including, without limitation, his claims under the FLSA, the NYLL, and for compensation. This waiver, release and promise not to sue is binding on Plaintiff and Plaintiff's heirs, legal representatives, insurers, agents, and assigns.

(ECF No. 16 at 3.)

The Court previously stated in the Second R&R that the extent and breadth of the original provision was contrary to public policy and violated *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). Therefore, the release provision rendered the terms of the settlement agreement as unfair and unreasonable. (ECF No. 15 at 14.) Specifically, the Court identified two problematic aspects of the release provision as written. The parties had remedied the first issue, regarding the breadth of claims being released. (*See* ECF No. 17 at 5.)

The Court noted in the Second R&R, however, that the second issue regarding the overbroad language within the release provision that amounted to a handlist of a broad range of individuals, had not been revised. (*Id*. at 6.) This was impermissible, and denial of the motion was appropriate. *See Garcia v. Good for Life by 81, Inc.*, No. 17-CV-07228 (BCM), 2018 WL 3559171, at *4 (S.D.N.Y. July 12, 2018) ("To pass muster under *Cheeks*, ¶1(b) must be limited to include only the named defendants, the corporate defendants' predecessors and successors, and any other person or entity that plaintiffs claim, or may claim, to have been their employer for purposes of their work for [the company]").

The release provision, as revised, now states as follows:

> Releases of Claims. In consideration of and as a material inducement for the Settlement Payment, Plaintiff, to the fullest extent permitted by law, forever waives, releases and discharges, and covenants not to sue, the Defendants, and to those acting on behalf of or in privity with the Defendants, and as to such persons or entities would be limited to claims arising from actions taken in their capacities as such (collectively, the "Releasees"), from any and all claims, demands, causes of action, fees, damages, liabilities, expenses (inclusive of attorneys' fees), obligations, debts, judgments, promises or agreements that Plaintiff asserted in the Lawsuit, including, without limitation, his claims under the FLSA, the NYLL, and for compensation. This waiver, release and promise not to sue is binding on Plaintiff and Plaintifr s [sic] heirs, legal representatives, insurers, agents, and assigns.

(ECF No. 18 § 3.)

4

This revision remedies the remaining deficiency in the settlement agreement as the provision no longer contains a laundry list of releases that may have no relation to this lawsuit or to the claims asserted herein. *See Souffrant v. 14-15 Mertens Place Corp.*, No. 19-CV-5482 (BCM), 2020 WL 1166231, at *2 (S.D.N.Y. Mar. 11, 2020) (rejecting a laundry list provision and instead construing the provision to extend "to those acting on behalf of or in privity with the parties, and as to such persons or entities would be limited to claims arising from actions taken '*in their capacities as such*.'" (emphasis in original) (citation omitted)); *Lara v. Air Sea Land Shipping & Moving Inc.,* No. 19-CV-8486 (PGG) (BCM), 2019 WL 6117588, at *2 (S.D.N.Y. Nov. 18, 2019) (rejecting a broad release and construing it to effectively "release [defendant's] parent company, affiliates, subsidiaries, divisions, related entities, predecessors, successors, and assigns and their current and former owners, principals, members, shareholders, partners, officers, directors, trustees, managers, employees, attorneys, insurers, and agents' *in their capacities as such.*" (emphasis in original) (citing *Garcia*, 2018 WL 3559171, at *3)).

Thus, the Court finds that settlement approval is warranted.

## CONCLUSION

For the foregoing reasons, the undersigned recommends that the parties' joint motion for approval of the settlement agreement (ECF No. 18) be approved. And if approved, the parties should be given 30 days from the date of the order adopting this report and recommendation to file an executed stipulation of dismissal.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel. Any written objections to this Report and Recommendation must be filed with the Clerk of the

Court within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections within fourteen (14) days will preclude further review of this Report and Recommendation either by the District Court or the Court of Appeals.  *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision"); *see Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (same).

Dated: Central Islip, New York
       September 27, 2023

                                            **Respectfully recommended,**

                                            **/S/** *James M. Wicks*
                                                JAMES M. WICKS
                                         United States Magistrate Judge